IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY MANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-01326-E-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant the United States of America has filed a Motion to Dismiss (ECF No. 6) this removed *pro se* civil action asserting negligence claims against the United States Postal Service (USPS). As explained in these findings, conclusions, and recommendation, the Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the Court should GRANT the Motion and dismiss this lawsuit.

**Background**

Plaintiff Tracy Mann originally filed this lawsuit in a Texas Justice of the Peace court on May 21, 2021. Pet. ¶ 1 (ECF No. 1-8); *see also*, Def.'s Mot. 2 (ECF No. 6). His Petition names Louis Dejoy, the United States Postmaster General, and Mohammad Jan, a USPS customer service representative, as Defendants, and he alleges the USPS failed to deliver any mail to his home in Dallas, Texas, between February 10, 2021 and February 22, 2021, including a package allegedly carrying precious metals. Pet. ¶¶ 5-6. He asserts claims for general negligence, negligent

hiring, and breach of contract seeking damages "in excess of $2,500," attorneys' fees, and injunctive relief. *Id.* ¶ 6.

Because Mann asserted claims for negligence against a federal employee, the United States was automatically substituted as Defendant under the Westfall Act, 28 U.S.C. § 2679(d)(2). *See* Westfall Act Cert. (ECF No. 1-1). The United States then removed this case to federal court, *see* Not. of Rem. (ECF No. 1) and filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that this case should be dismissed for lack of jurisdiction. Specifically, the United States argues that Mann's claims are subject to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), but Mann failed to exhaust his administrative remedies, which is a jurisdictional prerequisite to bringing suit. Def.'s Mot. 1-2. The United States further contends that Mann's claims are subject to the FTCA's "postal matter" exception and thus barred by sovereign immunity. *Id.* In response, Mann challenges the removal as untimely and asks the Court to remand his lawsuit to state court. Pl.'s Resp. (ECF No. 8).

## Removal

Mann argues that this case should be remanded to state court rather than dismissed for want of jurisdiction. Pl.'s Resp. 5. Specifically, Mann claims that the United States received notice of Mann's suit on April 9, 2021, but failed to remove the case until June 9, thus failing to meet the 30-day deadline for removal imposed by 28 U.S.C. § 1446(b).

Even assuming that Mann's asserted timeline of notice and removal is correct, remand is still not warranted in this case. While § 1446(b) sets a 30-day deadline for most removals, it does not apply to removals pursuant to the Westfall Act. 28 U.S.C. § 2679(d)(2). Indeed, when, as here, removal is pursuant to Westfall Act certification, removal may occur "at any time before trial." *Id.*; *see also Douse v. Eleventh Circuit Court of Appeals Clerk of Courts*, 760 F. App'x 880, 885 (11th Cir. 2019). Accordingly, the United States' removal of this case was proper, and Mann's request for remand should be DENIED.

## Subject Matter Jurisdiction

The United States moves under Rule 12(b)(1) to dismiss this case for lack of subject matter jurisdiction.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted), and the plaintiff, as the party asserting jurisdiction, must show that jurisdiction does in fact exist, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Because Mann is a *pro se* litigant, the Court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). But even under the most liberal construction, Mann has failed to meet his burden to show that jurisdiction exists.

Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States without its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued.") (internal quotation marks and citation omitted); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (The government's consent to be sued "is a prerequisite to federal jurisdiction."). Absent a waiver of this immunity or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("The absence of such a waiver is a jurisdictional defect.") (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007)). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Par. v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

Here, Mann has not identified any consent or any waiver of sovereign immunity that would allow him to sue the United States for failure to deliver mail sent via USPS. But because Mann is acting *pro se*, the Court will consider whether he can bring his suit under the FTCA.

The FTCA "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman*, 556 F.3d at 335. "The FTCA subjects the United States to liability for personal injuries caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (internal quotation marks omitted). Before bringing an FTCA claim in federal court, however, a plaintiff must exhaust his administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Once the appropriate federal agency either denies the plaintiff's claim or fails to act on the claim within six months after it is filed, the plaintiff may proceed to federal court. *Id.* In the Fifth Circuit, this presentment requirement is jurisdictional. *Cook v. United States ex rel. United States Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam).

But here, Mann has not shown that he has exhausted his administrative remedies. To the contrary, it appears that Mann did not file any administrative claim regarding his undelivered mail. And, when confronted with this argument in the United States' Motion to Dismiss, Mann made no substantive response, tacitly conceding that he has failed to exhaust his administrative remedies.

Even if Mann had exhausted his administrative remedies, he still could not bring a claim under the FTCA. Mann brought this action specifically alleging that the USPS negligently failed to deliver "a postage prepaid package." *See* Pet. ¶¶ 5-6. But the FTCA explicitly states that its waiver of sovereign immunity does not apply to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Moreover, although the United States "may be liable if postal employees commit torts under local law," ultimately it cannot be held liable for "claims defined by this exception." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 485 (2006).

This FTCA exception applies equally to Mann's characterization of his claim as one for breach of contract brought by him as a supposed third-party beneficiary. *See* Pet. ¶ 6. For a "claim based on failure to deliver mail may sound in tort, but not in contract." *Moore v. U.S. Postal Serv. Employees*, 2010 WL 2507797, at *2 (Fed. Cl. June 21, 2010). Accordingly, any claim for lost mail, even if characterized as a breach of contract, falls squarely under the FTCA's postal matter exception. *Anjorin v. Crumpler*, 2020 WL 4722420, at *3n.2 (E.D. Mich. Mar. 17, 2020) (explaining that a plaintiff's "so-called breach of contract claim" relating to lost mail fell within the Federal Tort Claims Act's exception for lost postal matter and

6

was barred by sovereign immunity), *rec. adopted*, 2020 WL 4700840 (E.D. Mich. Aug. 13, 2020).[1]

Since Mann's claim, no matter how characterized, clearly falls under this exception, the bar of sovereign immunity remains, and the Court must dismiss the case for lack of subject matter jurisdiction.

## Recommendation

The Court should GRANT the United States' Motion to Dismiss (ECF No. 6) and dismiss all Mann's claims without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED.**

February 24, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

---

[1] Because the United States is clearly entitled to dismissal of all Mann's claims, the Court pretermits consideration of the United States' argument that the doctrine of derivative jurisdiction applies and precludes Mann from establishing jurisdiction in federal court after having filed suit in a state court with no jurisdiction for tort claims against the government. Def.'s Mot. 8-9.

the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).